UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>TYRONE WOOLASTON,<br><br>　　　　　　　　　Defendant/Movant. | 23-CV-9153 (VEC)<br>18-CR-212 (VEC)<br><br>ORDER |

VALERIE CAPRONI, United States District Judge:

On October 16, 2023, *pro se* Defendant/Movant Tyrone Woolaston filed a motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. Mr. Woolaston challenges his conviction for narcotics conspiracy, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A), and brandishing a firearm in furtherance of that conspiracy, in violation of 18 U.S.C. § 924(c). On August 22, 2024, Magistrate Judge Lehrburger issued a report and recommendation (the "R&R") recommending that the motion be denied. No objections to the R&R were filed.[1] For the following reasons, the motion is DENIED.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When, as here, no party objects to the Magistrate Judge's report and recommendation, the court may accept the report and recommendation provided that "there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y.

---

[1] In a letter dated September 4, 2024, Mr. Woolaston attempted to appeal the R&R to the U.S. Court of Appeals for the Second Circuit. Dkt. 211. In addition to being procedurally improper, Mr. Woolaston's attempted appeal —which contains no explanation of the rationale for appeal — is not a substitute for filing objections with this Court. As explicitly stated in the R&R, and as set forth in 28 U.S.C. § 636(b)(1) and Rules 72(b)(2), 6(a), and 6(d) of the Federal Rules of Civil Procedure, objections to an R&R must be filed with the District Court Judge within fourteen days of its issuance. Failure to file timely objections results in a waiver of the right to object and precludes appellate review.

1985); Fed. R. Civ. P. 72(b) advisory committee's note.  Under a clear error standard of review, "[s]o long as there is a basis in the evidence for a challenged inference, [the court] do[es] not question whether a different inference was available or more likely." *United States v. Freeman*, 443 F. App'x 664, 666 (2d Cir. 2011) (quoting *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007)).

Careful review of the R&R reveals that there is no clear error.  The Court agrees with Magistrate Judge Lehrburger that Mr. Woolaston has failed to raise any non-speculative, non-conclusory factual or legal argument that would entitle him to relief with respect to any of his eight claims of ineffective assistance of counsel.

## CONCLUSION

Because Mr. Woolaston filed no written objections to the R&R and because the R&R expressly warned that the failure to file timely objections may result in the waiver of any such objections, appellate review of this decision is precluded.  *See* Fed. R. Civ. P. 72; *Caidor v. Onondaga County*, 517 F.3d 601, 603–04 (2d Cir. 2008).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this ruling would not be taken in good faith.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to Mr. Woolaston and to note service on the docket. The Clerk of the Court is further directed to terminate the case.

**SO ORDERED.**

**Date: October 1, 2024**
**New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**