**MEMO ENDORSED**

Tyrone Woolaston
Register No. 85369-054
FCI Fort Dix – Camp
P.O. Box 2000
Joint Base MDL, NJ 08640

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/21/2025
```

May 6 2025

Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

Re: In re Tyrone Woolaston, Motion for Authorization to File a Second or Successive Motion Under 28 U.S.C. § 2255

18-CR-00212
23-CV-9153

Dear Clerk of Court:

Enclosed for filing is my Motion for Authorization to File a Second or Successive Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, pursuant to 28 U.S.C. § 2244(b)(3)(A). This request is based on newly discovered and previously suppressed evidence, as well as significant constitutional violations that were not presented in my prior § 2255 motion.

I respectfully request that the Court docket this submission and take the appropriate steps to refer it to a panel for consideration. Please inform me of any deficiencies or requirements necessary to proceed with this motion.

Thank you for your attention to this matter.

Respectfully,
Tyrone Woolaston
Reg. No. 85369-054

*[signature]*

Application DENIED. Pursuant to 28 U.S.C. § 2255(h), Mr. Woolaston must seek certification from the Court of Appeals, not this Court, to make a second or successive motion.

SO ORDERED.

*Valerie Caproni* 5/21/2025

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

Applicant: Tyrone Woolaston
Case No.:
18-CR-212
23-CV-9153
District Court: Southern District of New York

MOTION UNDER 28 U.S.C. § 2244(b) FOR ORDER AUTHORIZING THE DISTRICT COURT TO CONSIDER A SECOND OR SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255

---

INTRODUCTION

Pursuant to 28 U.S.C. § 2244(b)(3)(A), Petitioner Tyrone Woolaston respectfully moves this Honorable Court for an order authorizing the United States District Court for the Southern District of New York to consider a second or successive motion under 28 U.S.C. § 2255. This application is based on newly discovered evidence and facts that were previously unavailable due to government suppression and misconduct, and which establish constitutional violations that undermine the integrity of the trial and the validity of the conviction. These facts were not presented in the prior § 2255 motion and satisfy the criteria of § 2255(h)(1).

BACKGROUND

Mr. Woolaston was convicted in the Southern District of New York under 21 U.S.C. § 841(b)(1)(A) and 18 U.S.C. § 924(c), following a trial where the government's case relied heavily on a single cooperating witness, Xavier Williams. Mr. Woolaston's initial § 2255 motion was denied.

This motion seeks leave to present newly discovered evidence showing that the government:

1. Knowingly used false testimony at trial.

2. Consent to Search Was Involuntary Due to the Witness's Impaired Mental State.

3. Engaged in prosecutorial misconduct, including interference with the defense.

4. Made materially false statements during summation.

5. Relied on a manufactured theory of venue that contradicts recent Supreme Court authority.

6. Constructive Entrapment by Government Agents

---

GROUNDS FOR RELIEF

Ground One: False Testimony Regarding Witness Fear of the Government's Confidential Informant as well as CW testimony that contradicted audio transcripts.

Xavier Williams, the government's key witness, testified at trial that he was "never" afraid of the confidential informant "Jerry." However, in its post-trial Rule 29/33 submission, the government acknowledged:

> "[Williams], in his post-arrest interview, said he was afraid to cooperate against the informant, a different issue."
(Gov't Rule 29/33 Memo, n.__)

This contradiction was not disclosed to the defense prior to or during trial. The government knowingly allowed materially false testimony to go uncorrected, in violation of Napue v. Illinois, 360 U.S. 264 (1959).

Supplementary Evidence:
Audio transcript page 86: CW (Unknown Male 3) stated, "I got one upstairs, one downstairs, it's a rare, five hundred baby."
Audio transcript page 88: CW states, "Yes this is from Jurassic park."
CI states, "The Jurassic park one? The old"
CW states, "They only have five hundred in the world."
CI states, "Duct tape"
CW states, "Five hundred in the world and I have one."
This evidence contradicts CW's trial claim that he had no knowledge of the firearm specifically the shotgun in the safe and all the contents of said safe belonged to the defendant.

---

Ground Two: The Consent to Search Was Involuntary Due to the Witness's Impaired Mental State

Under Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973), consent must be voluntary, knowing, and intelligent. The CW was under the influence of Adderall and Zoloft, expressed suicidal ideation and requested a lawyer.
Under the Fourth Amendment, consent to search must be voluntary, knowing, and intelligent, evaluated under the totality of the circumstances. Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973). A person's mental and physical condition—including intoxication, medication, or emotional distress—directly bears on whether that consent was the product of free will.

In this case, the government relied on the alleged consent of the cooperating witness ("CW") to search his home and safes. However, the Court later excluded the CW's post-arrest interrogation video on the ground that he was not mentally competent at the time and stated at trial he could not remember the post arrest interview, due to being under the influence of Adderall and Zoloft and exhibiting suicidal ideation. If CW was incapable of knowingly participating in his own defense or understanding Miranda warnings, he was equally incapable of voluntarily consenting to a Fourth Amendment search.

The Second Circuit has long recognized that mental state is critical to the voluntariness of consent. In United States v. Calvente, 722 F.2d 1019, 1023 (2d Cir. 1983), the court emphasized that voluntariness requires a "free and unconstrained choice" and must take into account the suspect's "physical and mental condition." Similarly, in United States v. Carter, 730 F.2d 718, 722 (2d Cir. 1984), the court ruled consent involuntary where the individual was in heroin withdrawal and emotional distress. These cases confirm that psychological instability or drug impairment can negate valid consent.

Moreover, SDNY courts have applied this principle in comparable contexts. In United States v. Glover, 2022 WL 17253745 (S.D.N.Y. Nov. 28, 2022), the court found that erratic behavior and apparent intoxication raised serious questions about the voluntariness of a defendant's consent to search. Here, the CW was not only under the influence of mind-altering medications, but also expressing suicidal ideation and fear—factors courts routinely treat as undermining voluntariness. See also United States v. Toney, 365 F.3d 114 (2d Cir. 2004) (mental state is critical to assessing waiver of constitutional rights).

The government cannot selectively treat CW as incompetent (for purposes of suppressing his post arrest video) while simultaneously treating him as capable of providing valid consent during said post arrest video . This inconsistency undermines the constitutional legitimacy of the search. Because CW's mental state rendered him unable to make a knowing and voluntary decision, the consent he gave is invalid, and any evidence derived therefrom must be suppressed.

---

Ground Three: Government Interference With Defense Impeachment

When defense counsel attempted to question the investigating agent about CW's fear of the CI, the government interrupted and called a sidebar. Following that, counsel dropped the line of questioning. (Trial Tr. 1081–1082). This interfered with defense impeachment rights under Delaware v. Van Arsdall, 475 U.S. 673 (1986).

Washington v. Texas, 388 U.S. 14 (1967)
Holding: The defendant has a constitutional right to present a complete defense.

United States v. Agurs, 427 U.S. 97 (1976)
Note: Even when no request is made, suppression of material evidence favorable to the defense violates due process.

Boyette v. Lefevre, 246 F.3d 76 (2d Cir. 2001)
Holding: Relief granted where the State interfered with the defendant's ability to present testimony that would have impeached the main witness.

---

Ground Four: False Government Summation

The government falsely argued:

> "Mr. Woolaston brought a gun to the drug deal. Nobody told him to. He did that on his own."
(Trial Tr. 1196–1197)

Yet the CW Williams testified during trial that he told Mr. Woolaston to bring the firearm, making the government's closing knowingly false.

"I asked him to bring the gun."
(Trial Tr. 718:12–14).

This false statement went to a central issue of guilt: whether Mr. Woolaston acted independently or at the request of others. It materially prejudiced the defense.

---

Ground Five: Manufactured Venue Theory

Mr. Woolaston was convicted in the Southern District of New York, but the only overt acts linking the case to that district were orchestrated by government agents or the informant. Under United States v. Rodriguez-Moreno, 526 U.S. 275 (1999), and United States v. Smith, 198 F.3d 377 (2d Cir. 1999), such venue manufacturing is constitutionally impermissible. This argument is

supported by recent Supreme Court precedent in United States v. Smith, 599 U.S. 132 (2023), clarifying the boundaries of proper venue in criminal trials.

The government orchestrated venue in the SDNY through artificial means:

Trial Tr. 1110:10–15 – The agent could not corroborate the alleged 2013 trip to Queens.

Trial Tr. 270:23–24 – HSI agent testified neither Woolaston nor Williams went to New York.

Trial Tr. 993:1–20 – HSI instructed CI to call CW from a NY hotel paid for with HSI agent Calamia undercover credit card.

Trial Tr. 1322:21–24 – Judge Sweet acknowledged SDNY should not have been prosecuting venue.

Trial Tr. 510:18–23 – Judge Sweet stated: "I think it is obvious that the government intended to create venue. The facts are there. There is no question in my mind at this point."

Trial Tr. 1368:22–25 – Court clarified venue is improper if the defendant could not have anticipated the location.

This violates United States v. Rodriguez-Moreno, 526 U.S. 275 (1999); United States v. Smith, 198 F.3d 377 (2d Cir. 1999); and United States v. Smith, 599 U.S. 132 (2023).

---

Ground Six: Constructive Entrapment and Government Coercion

Supporting Transcripts:

Trial Tr. 258:9–25 – Supervising Agent Calamia: "HSI created [the] overt act to lock in [the] conspiracy and it wasn't outgrown from the CI."

Trial Tr. 1054–1055 – Agent Kaley coerced CW to cooperate at Newark jail, suggesting he'd receive immigration benefits.

Trial Tr. 199:16–18 – Supervising Agent Calamia stated CI "Jerry" initiated contact with law enforcement in March 2015.

Trial Tr. 246:10–12 – Agent Calamia admitted no other suspects were identified at the outset, contradicting government portrayals to the jury.

This statement confirms that the alleged conspiracy was engineered by Homeland Security, not by organic criminal planning among defendants. This overt government creation of a conspiracy supports a claim of constructive entrapment and outrageous government conduct, violating due process under United States v. Russell, 411 U.S. 423 (1973). Because the jury was not permitted to hear evidence challenging the government's motivation and this testimony was not previously raised as an independent ground, the petitioner now seeks leave to present this as a new basis for relief.

—

LEGAL STANDARD

Authorization under 28 U.S.C. § 2255(h)(1) is warranted where newly discovered evidence, if proven and viewed in light of the entire record, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty. The evidence presented here meets this standard.

RELIEF REQUESTED

Petitioner respectfully requests that this Court:

1. Authorize the filing of a second or successive § 2255 petition;

2. Grant leave to proceed based on newly discovered evidence and violations of due process;

3. Remand to the district court for a full hearing and briefing.

4. Grant any further relief this Court deems just and proper.

Respectfully submitted,
Tyrone Woolaston, Pro Se

Reg. No. 85369-054
FCI Fort Dix-Camp
P.O. Box 2000
Joint Base MDL, NJ 08640

CERTIFICATE OF SERVICE

I hereby certify that on this 6 day of May, 2025, I caused a true and correct copy of the foregoing Motion for Authorization to File a Second or Successive Motion Under 28 U.S.C. § 2255 to be served by first-class mail, postage prepaid, upon the following:

Clerk of Court
United States Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

United States Attorney's Office
Southern District of New York
Attn: Criminal Appeals Unit
One St. Andrew's Plaza
New York, NY 10007

Respectfully submitted,

/s/ TWH

Tyrone Woolaston
Reg. No. 85369-054
FCI Fort Dix – Camp
P.O. Box 2000
Joint Base MDL, NJ 08640

Tyrone Woolaston # 85369-054
FCI Fort Dix - Camp
P.O. Box 2000
Joint Base MDL, NJ 08640



criminal Docketing

District Clerk of Court:
Clerk of Court
U.S. District Court
Southern District of NY
500 Pearl St.
New York, NY 10007



RECEIVED MAY 16 2025 CLERK'S OFFICE S.D.N.Y.